# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

ALICE FRAME,

    Plaintiff,

v.                                                CASE NO. 1:12-cv-00162-MP-CAS

MICHAEL J ASTRUE, CAROLYN W COLVIN,

    Defendants.

_____/

## O R D E R

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated August 12, 2013. (Doc. 20). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The plaintiff filed objections at Doc. 21. I have made a de novo determination of these timely filed objections, and have determined that the Report and Recommendation should be adopted.

The Court agrees that the ALJ's decision that plaintiff did not meet listing 12.05C was supported by substantial evidence. Determining whether a plaintiff meets that listing requires several steps. First, the record must demonstrate significantly sub-average general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period (i.e., before age 22). Second, the record must demonstrate an IQ of 60-70. Lastly, the record or testimony must demonstrate an impairment imposing an additional and significant work related limitation of function.

As an initial matter, substantial evidence supports the conclusion that the plaintiff never

exhibited significantly sub-average general intellectual functioning with deficits in adaptive functioning that were initially manifested during the developmental period. Instead, she testified that she had maintained jobs that show good adaptive functioning, including one where she used alphanumeric indicators to select parts in a stock room and another where she was the leader of a crew and was responsible for making sure the parts were manufactured correctly. In her daily life, she testified could maintain her personal hygiene, dress herself, prepare simple meals, drive a car, shop, pay bills, and handle a savings account.

Moreover, the ALJ considered Plaintiff's 65 Verbal IQ score itself and discredited it for two reasons. First, the report of the test makes no assessment of the validity of the test results. Second, the opinion of the treating doctor, Dr. Gedney, flatly contradicted it. Dr. Gedney explicitly opined that plaintiff did not have a low IQ or reduced intellectual functioning and also that her intelligence, global executive function, insight and judgment were normal.

These factors represent substantial evidence that plaintiff does not meet the listings of 12.05C. In her objections, the plaintiff argues that the ALJ was essentially "playing doctor" in rejecting the opinion of Dr. Goren and suggests that "it is preposterous for an ALJ with no medical or psychological training to reject the opinion of a psychiatrist, who is both a medical doctor and a specialist in mental health matters." Plaintiff misses the point. The ALJ did not rely upon his own medical opinion or training in rejecting the opinion of Dr. Goren, he relied

upon the evidence of her prior work experiences anbd her daily activities and the opinion of the treating doctor, Dr. Gedney.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order.

2. The decision of the Commissioner to deny Plaintiff's applications for Social Security benefits is AFFIRMED .

**DONE AND ORDERED** this *27th* day of September, 2013

                         *s/Maurice M. Paul*
                         Maurice M. Paul, Senior District Judge